# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN KATHLEEN O'DONNELL, | Case No. ED CV 12-1261 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Erin Kathleen O'Donnell ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff asserts that the Administrative Law Judge ("ALJ") improperly assessed her Residual Functional Capacity ("RFC"). (Joint Stip. at 4.) This determination, so Plaintiff contends, was not adequately supported by the record. (*Id.*) The Court agrees, albeit on narrower grounds.[2]

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

[2] As part of her discussion, Plaintiff alludes to numerous, distinct theories of error, including the improper assessment of medical evidence and the failure to call a

In assessing a claimant's RFC, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *7. The ALJ's discussion must also "explain how any material inconsistencies or ambiguities in the evidence . . . were considered and resolved." *Id.*

Here, the ALJ found Plaintiff able to perform "the full range of light work." (AR at 24.) To support this RFC determination, the ALJ needed to address Plaintiff's abilities to lift and carry weight. *See* 20 C.F.R. § 404.1567(b) (light work requires the ability to lift and carry 20 pounds occasionally and 10 pounds frequently). The ALJ's decision contains no such discussion and thus falls below the standards mandated by SSR 96-8P.

This is so despite the ALJ's extensive treatment of the record, which Defendant reviews at length. (*See* Joint Stip. at 11-12.) True, the ALJ did cite evidence painting a benign picture of Plaintiff's impairments, but such *general* evidence does not speak to the *specific* issue of Plaintiff's ability to lift and carry weight.[3]

Accordingly, for the reasons stated above, the ALJ erred in assessing Plaintiff's RFC. The Court thus determines that the ALJ's decision is not supported

---

medical advisor. (*See* Joint Stip. at 4-7, 12-13.) For present purposes, these issues need not be resolved.

[3] Without belaboring the record, the Court highlights a few of the ALJ's observations here. Regarding the medical evidence, the ALJ found it generally unremarkable. (*See* AR at 22.) One record, for instance, revealed a "satisfactory range of motion of all joints and extremities, no reported muscle spasm[s], no low back tenderness, no arthritic stigmata, and no neurological deficits." (*Id.*) Similarly, a radiographic study showed only "mild degenerative changes" in Plaintiff's cervical spine. (*Id.*) As for Plaintiff's treatment history, it apparently consisted only of regular exercise and a prescription for Nortriptyline. (*Id.*)

by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

On remand, the ALJ shall obtain, if necessary, additional information and clarification regarding Plaintiff's impairments. On the basis of this information, the ALJ shall then redetermine Plaintiff's RFC with sufficient detail as required by SSR 96-8P.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[4/]

Dated: May 23, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[4/] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 13-16, 19-20.)